UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Roy

   v.                                                      Civil No. 11-cv-533-SM

Warden, New Hampshire State Prison


**O R D E R**

Gary Roy has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254, challenging his state court second degree murder conviction.  In his petition, Roy challenges the validity of his guilty plea to that charge as violative of his Fourteenth Amendment due process rights and his Sixth Amendment rights to a fair trial and to the effective assistance of counsel.  Presently before the court is Roy's motion to stay this action (doc. no. 4).

In the motion to stay, Roy states that he is presently litigating additional challenges to his conviction in the state courts, based on newly discovered evidence.  Roy seeks a stay in this matter to allow him to exhaust those claims in the state courts and, if he is unsuccessful in that litigation, to allow him to add those claims to his federal habeas petition.

If Roy were to add his presently unexhausted claims to the petition before this court, his petition would become a so-

called "mixed" federal habeas petition because it would contain both exhausted and unexhausted claims. Such a petition is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims. See Rhines v. Weber, 544 U.S. 269, 278 (2005). A court may stay a pending habeas petition to allow petitioner to exhaust additional claims in the state court "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics." Id.

Upon review of the petition presently before the court, it appears that dismissing this case without prejudice while Roy exhausts his additional claims would threaten Roy's ability to file a timely habeas petition in the future. Further, nothing in the limited record before the court indicates that the additional claims lack potential merit or that Roy's litigation has been "intentionally dilatory." The court finds that Roy has demonstrated sufficient cause to stay his instant petition pending exhaustion of his state remedies.

## Conclusion

The motion to stay (doc. no. 4) is granted. While this matter is stayed, Roy is directed to notify this court of the

status of his state court litigation every ninety days, starting from the date of this order.  When the New Hampshire Supreme Court ("NHSC") has issued a final decision in this matter, or the matter is otherwise exhausted, Roy is directed to:  (1) so notify this court within thirty days of the date the state court litigation has concluded; (2) file an amended petition containing the additional federal habeas claims Roy wishes to pursue; and (3) provide this court with those documents filed in the state courts and any state court orders, which demonstrate that Roy has exhausted his state court remedies, as to each claim asserted in his § 2254 petition.  To demonstrate exhaustion, Roy must attach to his amended petition any motion, brief, notice of appeal, appendix, or other document filed in the NHSC, concerning those claims, and all state court decisions, orders, and opinions with respect to those claims.

   SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 24, 2012

cc:   Gary Roy, pro se

LBM:jba